UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:21-CR-220 (VAB) |
| | : | |
| v. | : | |
| | : | |
| MAHESH PATEL, | : | February 23, 2023 |
| ROBERT HARVEY, | : | |
| HARPREET WASAN, | : | |
| STEVEN HOUGHTALING, | : | |
| TOM EDWARDS, and | : | |
| GARY PRUS | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
THE UNITED STATES' MOTION *IN LIMINE* #3
<u>TO ADMIT VICTIM-WITNESS TESTIMONY</u>**

At trial in this matter, the United States of America plans on calling several victim-witnesses of the charged conspiracy: employees at outsource engineering supply companies involved in the conspiracy who were blocked or delayed by the charged Defendants and their co-conspirators from obtaining jobs in plain violation of the antitrust laws. These victims will testify about their actions, observations, and interactions with the Defendants and the co-conspirator companies, including their attempts to obtain better job opportunities and the challenges each of them faced in attempting to do so, such as having job offers from a potential employer blocked or rescinded. Some of them, the Government anticipates, will testify about the difficult choices they made in response to the actions by the Defendants and their co-conspirators, including remaining in jobs they no longer wanted, quitting their current job without any guarantee of a better job opportunity, or else taking a job at a non-co-conspirator company in order to circumvent the charged no-poach agreement.

As percipient witnesses of the charged conduct, the victims' anticipated testimony will either not be hearsay or be admissible under a well-recognized hearsay exception. This motion *in limine* is therefore intended to preview categories of victims' testimony in order to streamline their presentation at trial and to seek a pretrial ruling regarding the admissibility of such evidence.

I. **Background**

The victim-witnesses that the Government plans to call at trial are engineers and other skilled laborers who worked at Companies B-E, as defined in the indictment (¶¶ 4-8). Each of them applied for better job opportunities at Companies A-F and, by operation of the secret, unwritten conspiracy among the charged Defendants and Companies A-F, were prevented from obtaining interviews or job offers. Much of the victim-witnesses' anticipated testimony will describe their actions, their observations, the actions of others, and the sequence of events from their perspectives.

In the course of such anticipated testimony, the victims will also testify about conversations or emails with one or more of the charged Defendants, unindicted individual co-conspirators, individuals acting as agents for one of the Defendants, and/or agents or employees of unindicted co-conspirator Companies A-F in furtherance of the conspiracy. These victims will be important fact witnesses to the charged criminal conduct and necessary to establish the existence of the conspiracy, the operation of the conspiracy, and the manner and means of the conspiracy, among other issues. Thus, the testimony of these victims—who will each be available for cross-examination—should be admissible. The Government therefore seeks a pretrial ruling on any disputed evidentiary questions concerning the victim-witnesses' testimony

in order ensure the orderly presentation of the Government's case, support the victim-witnesses' ability to testify, and conserve the jury's and Court's time.[1]

**II.     There are Multiple Grounds to Admit the Victim-Witnesses' Testimony.**

   *A. Most of the Victims' Testimony Will be Admissible as Non-statements.*

As an initial matter, much of these victim-witnesses' testimony in no way implicates the hearsay rules. For example, they will likely explain their employment at a particular supplier company, their job functions, and their search process for obtaining better job opportunities. They will outline the timeline of seeking new employment at another company and the hurdles that shaped the timeline along the way. Since what the victim saw, perceived, and did are not out of court statements, or even statements at all, there should be no impediments to admitting such testimony.

   *B. Statements by a Defendant's Co-conspirator During and in Furtherance of the Conspiracy are Not Hearsay.*

Each of the victims had dealings with co-conspirator company employees, such as human resource professionals, hiring managers, and/or the victims' supervisors or co-workers about their job applications or offers. These witnesses' communications with a co-conspirator company employee during and in furtherance of the conspiracy are admissible under Fed. R. Evid. 801(d)(2)(E) and therefore are not hearsay. *See* Fed. R. Evid. 801(d)(2)(E) (statement is "not hearsay" if it "is offered against an opposing party and … was made by the party's coconspirator during and in furtherance of the conspiracy"); *United States v. Lebedev*, 932 F.3d 40, 50-51 (2d Cir. 2019) (statements of unindicted co-conspirator company agents admissible

---

[1] Some of the victim-witnesses are nervous about testifying, in part because they are currently employed at Companies A-F or elsewhere in the aerospace industry.

under Fed. R. Evid. 801(d)(2)(E)); *FTC v. Vyera Pharms., LLC*, Case No. 20CV706 (DLC), 2021 U.S. Dist. LEXIS 218530, at *6-7 (S.D.N.Y. Nov. 10, 2021) (same).

Here, Companies A-F are not charged in this case, but they have been repeatedly identified as co-conspirators. *See* Indictment ¶¶ 17, 19; Gov't Letter to Defendants dated March 28, 2022; Gov't Disclosures to Defendants dated Jan. 13, 2023. A company, of course, can only act through its agents and employees. *See, e.g.*, *Jones v. New York Guaranty & Indemnity Co.*, 101 U.S. 622, 628 (1879); *Carpenters Pension Trust Fund of St. Louis, St. Clair Shores Police & Fire Retirement Sys. v. Barclays PLC*, 56 F. Supp. 3d 549, 558 (S.D.N.Y. 2014). Thus, the statements of Company A-F employees and agents made during and in furtherance of the conspiracy is not hearsay and admissible. *See Lebedev*, 932 F.3d at 50-51 (concluding that statements made between unnamed agents of an corporate co-conspirator admitted at trial were not hearsay); *see also Vyera*, 2021 U.S. Dist. LEXIS 218530, at *6 (statements made by co-conspirator company's employees admissible against defendants under Fed. R. Evid. 801(d)(2)(E)).

   C. *Statements Made by a Defendant's Agent or Employee on a Matter Within the Scope of that Relationship and While it Existed is Not Hearsay.*

Some of the statements victims may recount are not hearsay because they were made by a Defendant's "agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D). For a statement to be admitted, the proponent need only establish (1) the existence of the agency relationship, (2) the statement was made during the course of the relationship, and (3) the statement relates to a matter within the scope of the agency. *See Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 537 (2d Cir. 1992). The agent

declarant need not be given the authority to make damaging statements, but simply the authority to take action about which the statements relate. *Id.*

Here, there are multiple instances where an individual who spoke with a victim about their job search process acted as an agent of one of the charged Defendants. Although these individuals did not necessarily report directly to one of the Defendants, they acted as a Defendant's agent within the meaning of Fed. R. Evid. 801(d)(2)(D). For example, victim J.S., who worked at Company B, applied for jobs at Company A beginning in the fall 2015. J.S. is expected to testify about statements made to J.S. by a hiring manager, S.G., at Company A who was interested in hiring J.S. The hiring manager, S.G., however, was acting as an agent of Defendant Patel. S.G. emailed Defendant Patel on February 11, 2016 asking whether Patel concurred with Company A hiring J.S. Patel responded: "We have agreed with [Company B] that [Company A] will not hire any [Company B] employee ( irrespective of length of service ) in 2016. Please owner [sic] this agreement." S.G. replied: "I will certainly honor any agreements we made." S.G. then communicated this agreement to J.S. and abided by Patel's instructions. Under such circumstances, S.G.'s communications with J.S. are not hearsay because S.G. was an agent of Patel's on a matter within the scope of that relationship and while it existed. Fed. R. Evid. 801(d)(2)(D).

> D. Even if Any Statement Falls Outside the Non-Hearsay Exceptions of Fed R. Evid. 801(d)(2)(D) and (E), Such Statements are Still Admissible for Another Purpose Other than the Truth of the Matter Asserted.

Statements are admissible because the Government may be offering such evidence not for the truth of the matter asserted, but other permissible purposes, including to show that the victim-

witness was being misled or lied to, that an action was made, that the statement was made, or to show its effect on the recipient.[2]

Under Fed. R. Evid. 801(c), hearsay is defined as a statement that: "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." However, it is axiomatic that statements may be properly admitted at trial *not* for the truth of the matter asserted, but rather for another purpose, including to show an action took place, a statement was made, the knowledge of the declarant, a declarant's state of mind, or the effect of the statements on the hearer or reader. *See generally* 2 McCormick on Evidence § 249 (Robert P. Mosteller ed., 8th ed. 2022). Some of the identified communications are admissible for multiple reasons not for the truth of the matter asserted.

*First*, such statements are admissible to show that an action took place. *See Shafii v. PLC British Airways*, 22 F.3d 59, 64-65 (2d Cir. 1994) (observing that statements in an affidavit recounting what affiant "heard" were admissible since statements were "not offered for the truth of the matter asserted but for the fact that they occurred"); *see also United States v. Cantu*, 876 F.2d 1134, 1137 (5th Cir.1989) ("The statements were not offered as an assertion of a fact but, rather, as the fact of an assertion."). For example, Government Exhibit ("GX") 236 contains an email dated August 1, 2016 in which a hiring manager at Company A wrote to inform a victim that "I have been working with my HR department to extend an offer for a position in my department and I was informed that, due to the migration of [Company B] employees to

---

[2] Some of these statements or communications may also be admissible based on a hearsay exception not discussed herein. The Government reserves the right to advocate for the admissibility of any such statement or communication on any permissible grounds.

[Company A], [Company A] committed to not extended [sic] any offers to [Company B] in 2016. Unfortunately, this agreement prohibits me from extending an offer." To the extent that this statement is not admitted under Fed. R. Evid. 801(d)(2)(D) or (E) as discussed above—and it should—the Government would, as an alternative, seek to admit this statement not for the truth of the matter asserted (i.e., there was an agreement that prohibited the hiring manager from extending an offer to the victim-witness), but rather to show that no employment offer was in fact made to the victim-witness at that time. Similar statements or communications indicating that some action was taken or not taken should also be admissible at trial.

*Second*, statements may be admissible to show that the statement was in fact made. *See Anderson v. United States*, 417 U.S. 211, 220 & n.8 (1974) (testimony admissible to prove "that the statements were made"; "[o]f course, evidence is not hearsay when it is used only to prove that a prior statement was made and not to prove the truth of the statement"); *SEC v. Mattessich*, 523 F. Supp. 3d 624, 633 (S.D.N.Y. 2021) (concluding testimony offered "for the fact that such conversations occurred, not for the truth of any matters asserted" is not hearsay). For example, the Government expects that a victim, I.I., will testify that I.I., Defendant Wasan, and an unindicted co-conspirator had a phone conversation on or about February 15, 2016. At the time, I.I. worked at Company B and had applied for a job at Company A. During that call, Wasan told I.I. that it was Company A's decision not to hire him and, in sum and substance, that such a decision had nothing to do with Company B. Not only would such a statement by Wasan be admissible as a party admission under Fed. R. Evid. 801(d)(2)(A) (and therefore not be hearsay), but it would also be admissible to show that Wasan had, in fact, made such a statement. The Government would seek to admit Wasan's statement not for the truth of the matter asserted (i.e.,

that Company A's decision not to hire I.I. was Company A's decision that had nothing to do with Company B), but to show the opposite: that Wasan made a false representation to I.I. to conceal the conspiracy from I.I. The Government will seek to admit other evidence to show that, notwithstanding a Company A hiring manager wanting to hire I.I., Wasan himself coordinated efforts with Defendant Patel and other co-conspirators to prevent I.I. from moving from a job at Company B to a job at Company A.

*Third*, statements may be admissible to show the effect on the recipient. "A statement that D made a statement to X is not subject to attack as hearsay when its purpose is to establish the state of mind thereby induced in X, such as receiving notice or having knowledge or motive, or to show information which X had as bearing on the reasonableness, good faith, or voluntariness of subsequent conduct, or on the anxiety produced." 2 McCormick on Evidence § 249 (footnotes omitted). The Government anticipates introducing evidence at trial to show the effect of such statements on victim-witnesses. For example, the testifying victim-witness may have questioned a superior or confronted a Defendant after hearing about the secret conspiracy from other co-workers or managers. In those instances, *what* the victim-witness heard is not being offered for the truth of the matter asserted (i.e., a conspiracy existed to limit the employee's ability to get a job at a horizontal competitor), but the *effect* that such information had on the listener (i.e., questioning or confronting a defendant or co-conspirator about the conspiracy's existence).

# CONCLUSION

For the reasons stated above, the Government respectfully requests a pretrial evidentiary ruling on the admissibility of the anticipated testimony from victim-witnesses.

Respectfully submitted,

CARRIE A. SYME
T. JAKOB SEBROW
TRIAL ATTORNEYS, NEW YORK OFFICE
U.S. Department of Justice, Antitrust Division
26 Federal Plaza, Room 3630
New York, NY 10278
Tel.: (646) 714-1906

*/s/ David T. Huang*
DAVID T. HUANG
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct30434
United States Attorney's Office
District of Connecticut
157 Church Street
New Haven, CT 06510
Tel.: (203) 821-3700